## NATHANIEL LAMB *vs.* JOHN BARNARD.

Where an order in writing was given to furnish men in the wilderness with provisions, and where at the time the order was delivered, the men had no means of cooking provisions, and board was furnished for the men instead of provisions; *it was held,* that although the order was to deliver the materials for boarding the men and not to board them, still it was admissible in evidence with other testimony, to show that the defendant had waived a strict compliance with the order, and had accepted board instead of provisions.

So too it was held, that a paper, on which was the claim for the board, and also certain figures and writing of the defendant's clerk and of the defendant himself, was admissible with other evidence to prove the defendant's liability to pay for the board.

The acts of an authorized agent in the transaction of business, are the acts of his principal, and may be proved in the same manner.

ASSUMPSIT on an account annexed to the writ. One item in the account was for " boarding men twelve weeks and three days, $37,50 — Keeping six oxen one night, $1,50 — Keeping horse four nights, $1,25." The defendant filed an account in set-off one item of which was " pair oxen pr agreement, $100 ;" another, " use of oxen, $40." The plaintiff with much other evidence, offered a writing signed by the defendant, and marked B, of which the following is a copy. " *Mr. Nathaniel Lamb. Calais, 4 Dec.* 1826. Sir — If *Mr. Marhar* should want any provisions until they can get up supplies, you will please oblige him. I give him his supplies which are ready, and I will see you have them or may del. the bearer. *John Barnard.*"

This was objected to as inadmissible, but admitted. One of *Marhar's* men, *Levi Small,* testified, that while he was at work, he received that order from *Barnard,* to get supplies for him of *Lamb* for *Marhar's* men, until the teams should come up. They were then at *Grand Lake Stream,* thirty or forty miles from *Calais. Marhar* was then " carrying on a team for *John Barnard."* Witness carried the order to *Lamb,* who boarded him and the other men employed by *Marhar* in lumbering; that they had then no " cooking tools or provisions ;" and *Lamb* boarded them on the strength of the order from *Barnard.* The plaintiff also offered another writing of which a copy follows.

" 1826, *Dec.*      John Barnard to *Nathaniel Lamb,*      **Dr.**

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| To boarding men twelve weeks and three days, | | | | | |
| at 18*s* pr week, | - | - | - | - | $37,50 |
| Six oxen one night, | - | - | - | | 1,50 |
| To keeping horse four nights, | - | - | - | | 1,25 |
| | | | | | $40,25 |

| | | | | |
|---|---|---|---|---|
| 13,85 | 1385 ft. clear boards, | *a* 11, | $15,23 | |
| 15,85 | 112 " ref. clear, | 6½ | 0,56 | |
| 15,23 | 260 " mer. | 8 | 2,08 | |
| | | | $17,87 | |

*Levi Small pr Marhar."*

It was proved, that " the figures purporting to be minutes of lumber," were those of a clerk of defendant's, and that the words, " *Levi Small pr Marhar,"* were in the handwriting of the defendant. This was objected to by the defendant, but admitted. The other testimony will be understood from the opinion of the Court. SHEPLEY J. presiding at the trial, instructed the jury, that although the true legal construction of the order, marked B, would not authorize the supply of any thing more than uncooked materials, from which the men might obtain a subsistence when considered by itself, yet they were at liberty to examine the testimony in the case, and consider the circumstances under which it was given in connection with the order, and the condition of the men in the wilderness without cooking utensils, and that if they believed it was the intention of the defendant to give effectual support to *Marhar's* men until their supplies were sent in to them, and that the only

mode in which it could be afforded, was by boarding them and their cattle, or if they should come to the conclusion, that the defendant made the memorandum on the paper with a knowledge of the circumstances, and with a design to admit that the boarding was under the authority given to *Small*, that would amount to a waiver of all objection to the mode of supply; and that they might find that the defendant was chargeable with those items, and if they did not so find, they should disallow them. That if they were satisfied that the paper marked A had been in the hands of the clerk of the defendant, and that the memorandums on it respecting the boards were made by him, they might consider whether they were so made with a design to admit them as proper charges against the defendant, and might also consider, whether the defendant after such entry by his clerk made the memorandum in his own handwriting, knowing the purpose of the entry by the clerk; or whether such entries were made by defendant's clerk and himself, only as taking a note of the plaintiff's claim, and not with a design to allow them; and that if they found the entries for the purpose first stated, they would allow those items if charged, and if only for the latter purpose, they would disallow them. If the rulings or the instructions were erroneous, the verdict found for the plaintiff was to be set aside and a new trial granted. There was also a motion to set aside the verdict as against evidence.

*J. Granger*, for the defendant, contended:—

1. The paper marked B was not admissible in evidence, as it had no tendency to prove the facts in issue. The paper offered and admitted tends to prove only, that the defendant made a proposition to pay in kind such provisions as the plaintiff might lend to *Marhar*. Provisions mean the raw materials and not board. *Walker* v. *Leighton*, 11 *Mass. R.* 140; *Robbins* v. *Otis*, 1 *Pick.* 368.

2. The paper marked A was improperly admitted. It cannot be upon the principle of the admission of an authorized agent, for there is no evidence of the circumstances necessary to make the declarations of an agent evidence. 2 *Stark. Ev.* 60; *Leeds* v. *Mar. Ins. Co.* 2 *Wheat.* 380; *Haven* v. *Brown*, 7 *Greenl.* 421; 2 *Harri. Dig.* 1039, 1114; 1 *Stark. Ev.* 46; 4 *Taunt.* 565. The declarations of an agent, oral or written, are not received as

admissions, but as part of the *res gesta*, 2 *Wheat.* 380 ; 9 *Peters*, 682 ; *Haven* v. *Brown*, 7 *Greenl.* 421.

3. The instructions to the jury were erroneous. The paper B is a guaranty or collateral undertaking, and if the plaintiff accepted it, he should have given seasonable notice thereof to the defendant, and of the amount furnished. *Copeland* v. *Wadleigh*, 7 *Greenl.* 141 ; *Norton* v. *Eastman*, 4 *Greenl.* 521 ; 3 *Conn. R.* 484 ; 2 *Stark. Ev.* 649. And there should have been a specific request to pay. *Babcock* v. *Bryant*, 12 *Pick.* 133 ; *Greenwood* v. *Curtis*, 6 *Mass. R.* 358. The paper is unambiguous in its terms, and the intention of the signer should be gathered from the instrument alone. 3 *Stark. Ev.* 1008 ; *Goddard* v. *Cutts*, 2 *Fairf.* 440 ; *Haven* v. *Brown*, 7 *Greenl.* 423.

*Fuller*, for the plaintiff, remarked, that the objection seemed rather to be, that the jury were permitted to draw inferences from the facts proved, than that the evidence was in itself inadmissible. The construction given by the Court to the order is admitted to be correct, but it is said it should not go to the jury because it did not prove the issue. But there were other important facts to go with it to the jury, and to show that it never could have been the intention of *Barnard*, that the men should be turned back without support, and also to show *Barnard's* ratification and assent afterwards.

The paper A was properly admitted. 2 *Saund. Pl. & Ev.* 246 ; 2 *Stark. Ev.* 54 ; *Union Bank* v. *Knapp*, 3 *Pick.* 96. The jury were fully warranted in finding as they did on the single ground, that the defendant waived a strict compliance with the order, and accepted what was more beneficial to him, board for the men instead of raw provisions which they could not cook.

The opinion of the Court was by

SHEPLEY J. — To prove his account the plaintiff was allowed to introduce an order addressed to him and signed by the defendant, requesting him to oblige one *Marhar* by furnishing him with provisions, if he should be in want. The objection to it is, that it was irrelevant, having no tendency to prove the plaintiff's claim. If it could properly have any influence, it was legal testimony ; and that it could be legally used for certain purposes will more fully appear, when the instructions to the jury are under consideration.

Another objection is to the admission of an account, containing a claim for boarding the men of *Marhar*, to whom by the order he was authorized to furnish provisions, and also a claim for a small quantity of lumber, and having upon its margin figures relating to the lumber, made by one who had been the defendant's clerk, and in the handwriting of the defendant the words " *Levi Small* per *Marhar*." The ground upon which it was admitted was, that the design and object of making these memorandums in the margin of the account was proper for the consideration of the jury. They proved, that the paper had been in the possession of the defendant and the subject of consideration. *Small* was proved to have been the person, who received the order from the defendant, who by marking his and *Marhar's* names upon the paper containing the charge for boarding, authorized an inquiry before the jury as to the purpose for which it was done and what connexion might be inferred from it between the order and the manner of executing it, by boarding the men instead of a more literal execution by furnishing the provisions for their subsistence. And even this would seem to be sufficient reason for precluding the Court from withholding either of the papers from the consideration of the jury.

It is insisted, that the memorandum of the clerk was not evidence, because the declarations or admissions of an agent do not bind his principal. But this memorandum was not of that character, and if operative at all, it was as an act of an authorized agent in the transaction of the business entrusted to him, and such acts are the acts of the principal and may be proved in like manner. And by the instructions the jury were not authorized to find the items of account, to which the clerk's memorandum applied, for the plaintiff, unless they found it to have been made while he was acting as defendant's clerk, and with a design to admit them as proper charges, and that it was known to the defendant to have been so made, when he made the memorandum on the same paper.

The legal construction of the order was undoubtedly to be determined by the Court, and the construction, which was given to it, is not questioned; but complaint is made, that while the jury were informed, that it did not in terms authorize the plaintiff to board the men, they might consider the circumstances under which it was given; the condition of the men in the wilderness, without cooking utensils, and that if they believed that it was the intention

of the defendant to give effectual support to *Marhar's* men, and that the only mode in which it could be afforded was by boarding them, or that the defendant, knowing these circumstances, made the memorandum on the paper with a design to admit, that the boarding was under the authority of the order given to *Small*, they might find for the plaintiff those items of the account.

That it was competent for the jury to find, that the memorandum was made by the defendant with a full knowledge of all the facts and with a design to waive all objection, or to admit the boarding to be an execution of the order, can admit of little doubt ; and that would fully authorize the admission of the order and account, and the instructions, so far as they related to the waiver by the defendant of a strict compliance with the terms of the order. If the first clause of these instructions had authorized the jury to consider the directions given by the order as changed, or varied by the parol testimony, they would have been erroneous, and would have contradicted the instructions already given as to the meaning of the order. The instructions did not authorize by connecting the parol testimony a different conclusion to be drawn as to the meaning of the order, but in reference to the execution or performance of the request, they did authorize the inquiry whether a literal performance, or one accommodated to the necessities of the case was to be expected.

What shall be regarded as performance of a written contract or request, is of necessity a matter of fact under proper instructions, and there is no departure from the rule, which does not authorize parol testimony to vary or contradict a written contract, when applied to the fact of its having or not having been executed. It is not in human foresight to provide against all possible contingencies, which prevent the exact and literal fulfilment of every written direction, when it is clearly given ; and the force of circumstances must be allowed in some degree to enter into the inquiry, when the question is, not what the legal construction of a written paper is, but whether there has been such a performance as entitles a party to claim compensation, for what he has done under it.

There does not appear to be sufficient reason to authorize the verdict to be set aside under the motion for a new trial.

*Judgment on the verdict.*